# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **ANDRE WILLIAMS,** | : | **CASE  NO. 1:09 CV 2246** |
| | : | |
| **Petitioner,** | : | |
| | : | **JUDGE DONALD NUGENT** |
| **vs.** | : | |
| | : | |
| **BETTY MITCHELL, Warden,** | : | **MEMORANDUM OF OPINION** |
| | : | **AND ORDER** |
| **Respondent.** | : | |

Before the Court are several related motions filed by Petitioner Andre Williams

("Petitioner" or "Williams"): Motion for Evidentiary Hearing; Motion for First Request for

Discovery; Motion for Evidentiary Hearing (Supplemental Filing); and Motion to Expand

the Record and Supplement Motion for Evidentiary Hearing.  (ECF Nos. 13, 14, 19, and 26,

respectively.)  Also before the Court is Respondent Warden Betty Mitchell's

("Respondent") related Motion to Strike Lecavalier Report.  (ECF No. 21.)  Respondent

opposed Petitioner's motions.  (ECF Nos. 17, 18, 25, respectively.)  Petitioner replied to

Respondent's opposition to his motion for evidentiary hearing and his motion for

discovery, opposed Respondent's motion to strike, and supplemented his motion for

discovery.  (ECF Nos. 19, 20, 22, and 23, respectively.)  Respondent replied to Petitioner's

opposition to her motion to strike. (ECF No. 24.) For the following reasons, the Court

denies each of Petitioner's motions and grants Respondent's motion.

## I. Relevant Background

To place the current motions in the proper context, the Court will briefly review the

procedural history of this habeas case.

Andre Williams was convicted and sentenced to death for the murder of George

Melnick in 1989. Williams' convictions and sentence were upheld in *State v. Williams*, 74

Ohio St. 3d 569, 660 N.E.2d 724 (Ohio 1996), *cert. denied*, 117 S. Ct. 107 (1996).[1]

Williams filed a Petition for Writ of Habeas Corpus in this Court in 2000, which was

denied on March 28, 2003.

After Williams' conviction, the United States Supreme Court held in *Atkins v.*

*Virginia*, 536 U.S. 304 (2002), that the execution of a mentally retarded offender violates

the Eighth Amendment's ban on cruel and unusual punishment. Soon after, the Ohio

Supreme Court set forth the standard to establish an *Atkins* claim in Ohio. *State v. Lott*, 97

Ohio St. 3d 303, 779 N.E.2d 1011 (Ohio 2002).

On April 17, 2003, Williams filed a motion to stay the proceedings and hold it in

abeyance while he returned to state court in pursuit of an *Atkins* claim. The district court

denied the request, but the Sixth Circuit Court of Appeals granted Williams' motion to stay

and held the case in abeyance to allow the state-court litigation.

---

[1]
For further details about Williams' crimes and trial, *see State v. Williams*, No. 89-T-
4210, 1995 WL 237092 (Ohio App. March 24, 1995), reversed in part by *State v.*
*Williams*, 74 Ohio St. 3d 569, 660 N.E.2d 724 (Ohio 1996).

On June 9, 2003, Williams filed a petition for post-conviction relief asserting an *Atkins* claim and requesting an evidentiary hearing to adduce evidence on the issue of his mental retardation. Williams supported his petition with trial testimony of a representative of his school, an affidavit of a family member, an expert report, and school records. The State submitted prison records and its own expert report in opposition to Williams' motion. *See State v. Williams*, No. 2007-T-0105, 2008 WL 2582849, at *1-3 (Ohio App. June 27, 2008). On October 19, 2004, the trial court granted the State's motion to dismiss Williams' petition. The court of appeals reversed, holding that "the trial court's analysis confused the distinction between the dismissal of Williams' petition without hearing and the granting of summary judgment in the State's favor." *State v. Williams*, 165 Ohio App. 3d 594, 600, 847 N.E.2d 495, 499 (Ohio App. 2006). The appellate court remanded the case with instructions for the trial court either to deny the petition without a hearing pursuant to Ohio statute, rule on the State's motion for summary judgment, or hold an evidentiary hearing on Williams' petition as allowed under Ohio law. *Id*. at 602, 847 N.E.2d at 500. The trial court granted the State's motion for summary judgment on September 11, 2007, and the court of appeals affirmed on June 27, 2008. *State v. Williams*, No. 2007-T-0105, 2008 WL 2582849 (Ohio App. June 27, 2008).

After being denied relief in the state courts, Williams sought leave from the Sixth Circuit to file a second petition for writ of habeas corpus, which it granted. (ECF. No. 1.) Williams filed his Petition for Writ of Habeas Corpus on October 13, 2009, asserting that habeas relief is warranted under AEPDA provisions 2254(d)(1) and (d)(2) because the state-court judgments were contrary to, and an unreasonable application of, *Atkins*, and

3

resulted in an unreasonable determination of the facts in light of the evidence presented. (ECF No. 2.) He now has filed motions seeking further factual development to support his *Atkins* claim through discovery and an evidentiary hearing.

## II. Analysis

The United States Supreme Court held for the first time in the recent decision *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011), that federal habeas "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Id.* at 1398. As the Fourth Circuit Court of Appeals has explained, "In other words, when a habeas petitioner's claim has been adjudicated on the merits in state court, a federal court is precluded from supplementing the record with facts adduced for the first time at a federal evidentiary hearing." *Jackson v. Kelly*, Nos. 10-1, 10-3, 2011 WL 1534571, at *12 (4th Cir. April 25, 2011). The *Pinholster* Court reasoned that the "backward-looking language" of Section 2254(d)(1) "requires an examination of the state-court decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time *i.e.*, the record before the state court." *Id.* at 1398. Otherwise, the Court observed, "[i]t would be strange to ask federal courts to analyze whether a state court's adjudication resulted in a decision that unreasonably applied federal law to facts not before the state court." *Id.* at 1399. Thus, "evidence introduced in federal court has no bearing on § 2254(d)(1) review." *Id.* at 1400.

In addition, the Supreme Court made clear in *Pinholster* that evidence introduced in a federal habeas proceeding also is irrelevant to Section 2254(d)(2) review. It noted, "[The dissent] place[s] great weight on the fact that § 2254(d)(2) includes the language 'in light of

4

the evidence presented in the State court proceeding,' whereas § 2254(d)(1) does not.  The additional clarity of § 2254(d)(1) also is plainly limited to the state-court record." *Id*. at 1400 n.7 (internal citation omitted).

In this case, there is no dispute that Williams' *Atkins* claim was adjudicated on the merits by the state courts.  Under the clear language of *Pinholster*, therefore, this Court's determination of this claim is limited to the state-court record, and other evidence "has no bearing" on the Court's review.  Allowing further factual development would be futile since the Court could not consider the information obtained in further discovery or an evidentiary hearing in resolving Williams' *Atkins* claim.  *See, e.g., Atkins v. Clarke*, 642 F.3d 47, 48 (1st Cir. 2011) ("The Supreme Court's new decision in *Cullen v. Pinholster* . . . requires that we reject this appeal from a denial of a request for an evidentiary hearing in relation to a petition for habeas corpus."); *Jackson v. Kelly*, Nos. 10-1, 10-3, 2011 WL 1534571, at *6 (4th Cir. April 25, 2011) (holding, on appeal from district court's decision granting writ as to penalty phase claims following an evidentiary hearing, that "[i]n light of *Cullen*'s admonition that our review is limited 'to the record that was before the state court that adjudicated the claim on the merits,' . . . we avoid discussion of the evidence taken in the federal evidentiary hearing."); and *Carter v. Bigelow*, No. 2:02–CV–326 TS, 2011 WL 2551325, at *1 (D. Utah June 27, 2011) ("[U]nder *Pinholster*, further factual development is futile.").

### III. Conclusion

Accordingly, Williams' Motion for Evidentiary Hearing; Motion for First Request for Discovery; Motion for Evidentiary Hearing (Supplemental Filing); and Motion to

5

Expand the Record and Supplement Motion for Evidentiary Hearing are denied..

Respondent's Motion to Strike Lecavalier Report is granted.


IT IS SO ORDERED.


DONALD NUGENT
UNITED STATES DISTRICT JUDGE


September 23, 2011

6