UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANDRE WILLIAMS, | : | CASE NO. 1:09 CV 2246 |
| Petitioner, | : | |
| | : | JUDGE DONALD NUGENT |
| vs. | : | |
| | : | |
| BETTY MITCHELL, Warden, | : | MEMORANDUM OF OPINION |
| | : | AND ORDER |
| Respondent. | : | |

Before the Court is Petitioner Andre Williams' ("Petitioner" or "Williams") Motion for Reconsideration of the Court's Order of September 23, 2011. (ECF No. 28.) Respondent Warden Betty Mitchell ("Respondent") opposed the motion. (ECF No. 29.) For the following reasons, the Court denies Petitioner's motion.

I. Background

In this Court's September 23 Order, it denied Williams' Motion for Evidentiary Hearing, Motion for First Request for Discovery, Motion for Evidentiary Hearing (Supplemental Filing), and Motion to Expand the Record and Supplement Motion for Evidentiary Hearing (ECF Nos. 13, 14, 19, 26, respectively), and granted Respondent's Motion to Strike Lecavalier Report (ECF No. 21). (ECF No. 27.) The Court ruled that, as

there is no dispute that Williams' *Atkins* claim was adjudicated on the merits by the state courts, pursuant to the clear language of *Cullen v. Pinholster*, 31 S. Ct. 1388 (2011), this Court's determination of Williams' claim is limited to the state-court record. Further factual development, therefore, would be futile, since the Court could not consider the information obtained in additional discovery or an evidentiary hearing in resolving Williams' *Atkins* claim.

Petitioner asks this Court to reconsider that ruling. He argues that *Pinholster*'s holding should be limited to cases that were "fully developed and litigated," and that evidentiary hearings remain available in habeas actions when the district court determines that the state court's decision was unreasonable under Section 2254(d) and further factual development is necessary. (ECF No. 28, 5, 6-7.) Respondent counters that *Pinholster* cannot be so distinguished since the petitioner in that case was denied an evidentiary hearing even though there was no evidentiary hearing in state court, and the state court denied the hearing in summary fashion. Respondent further argues that Williams cannot show that the state court's denial of his *Atkins* claim was unreasonable. (ECF No. 29, 4.)

## II. Analysis

Because Williams is asking the Court to reconsider its application of *Pinholster* to his request for an evidentiary hearing, the Court must treat it as a motion under Rule 59(e) of the Federal Rules of Civil Procedure. Rule 59(e) allows district courts to alter, amend, or vacate a prior judgment.[1] Fed. R. Civ. P. 59(e); *Huff v. Metropolitan Life Insur. Co.*,

---

[1]
> The federal civil rules apply in habeas cases "to the extent that they are not inconsistent with any statutory provisions or [the habeas rules] . . . ."

2

675 F.2d 119, 122 (6th Cir. 1982). The purpose of Rule 59(e) is "to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (quoting *York v. Tate*, 858 F.2d 343. 348 (6th Cir. 1988)) (internal quotation marks omitted). It permits courts to amend judgments in four situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; (3) to correct a clear error of law or fact; and (4) to prevent manifest injustice. *See, e.g., Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007); *Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990); 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2810-1, at 125-27 (2d ed. 1995). The grant or denial of a Rule 59(e) motion is within the informed discretion of the district court. *Huff*, 675 F.2d at 122; 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2810-1, at 124 (2d ed. 1995). However, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2810.1, at 124 (2d ed. 1995). Although "there are circumstances when a motion to reconsider may perform a valuable function, . . . it [is] improper to use such a motion to ask the Court to rethink what the Court ha[s] already thought through–rightly or wrongly." *Potter v. Potter*, 199 F.R.D. 550, 552 (D. Md. 2001) (internal quotation marks omitted).

This Court agrees with Petitioner that *Pinholster* does not prevent habeas courts from considering evidence presented at an evidentiary hearing once it has determined that the petitioner's claim satisfies AEDPA's Section 2254(d). As Justice Breyer explained in

---

Habeas Corpus Rule 12.

his concurrence in *Pinholster*:

> An offender who believes he is entitled to habeas relief must first present a claim (including his evidence) to the state courts. If the state courts reject the claim, then a federal habeas court may review that rejection on the basis of the materials considered by the state court. If the federal habeas court finds that the state-court decision fails (d)'s test (or if (d) does not apply), then an (e) hearing may be needed.

*Pinholster*, 131 S. Ct. at 1412 (Breyer, J., concurring).

Indeed, district courts have interpreted *Pinholster* to allow evidentiary hearings to resolve constitutional claims where they had determined that the state court acted unreasonably in resolving those claims. *See, e.g., Hearn v. Ryan*, No. CV 08-448-PHX-MHM, 2011 WL 1526912, *2 (D. Ariz. Apr. 21, 2011) ("What is dependent on the evidentiary hearing, therefore, is whether relief will ultimately be granted, not whether the state court acted unreasonably. Accordingly, *Pinholster* does not prevent this Court from considering evidence . . . at the evidentiary hearing."); *Skipwith v. McNeil*, No 09-60361-CIV, 2011 WL 1598829, *5 (S.D. Fla. Apr. 28, 2011) (holding that because Section 2254(d)(2) was satisfied it could consider new evidence adduced at evidentiary hearing and concluding petitioner was entitled to relief); *Fitzgerald v. Workman*, No. 01-CV-531-GKF-TLW, 2011 WL 3793644, *3 (N.D. Okla. Aug. 25, 2011) (where state court unreasonably applied federal law under Section 2254(d)(2), "the Court reviews these claims de novo, [and] the AEDPA and the *Pinholster* and *Richter* cases do not apply . . . ."). *See also Panetti v. Quarterman*, 551 U.S. 930, 953 (2007) (noting that when a habeas court finds an unreasonable application of controlling federal law, the court must then "resolve the claim without the deference AEDPA otherwise requires."); *Rice v. White*, No. 10-1583, slip op. at

4

14-15 (6th Cir. Oct. 26, 2011) (conducting plenary review of petitioner's claim once it found Section 2254(d)(2) satisfied).

This Court, however, has not made any determination regarding the reasonableness of the state courts' adjudication of Williams' *Atkins* claim. Thus, the Court correctly applied *Pinholster*, which, without such a determination, precludes it from considering new evidence adduced at an evidentiary hearing regarding a claim adjudicated on the merits in state court, and the Court will not reconsider its Order.

### III. Conclusion

Accordingly, Williams' Motion for Reconsideration of the Court's Order of September 23, 2011, is denied.

IT IS SO ORDERED.

_____
DONALD NUGENT
UNITED STATES DISTRICT JUDGE

October 27, 2011